In re Joseph A. MEEKS and Eleanor L. Meeks, h/w, Individually and Jointly, Debtors.

THIRD FEDERAL SAVINGS AND LOAN ASSOCIATION OF PHILADELPHIA, Plaintiff,

v.

Joseph A. MEEKS and Eleanor L. Meeks, his wife, Defendants.

Bankruptcy No. 79–02090G.

Adversary No. 80–0124G.

United States Bankruptcy Court, E. D. Pennsylvania.

June 2, 1980.

Barry Ballow & Associates, Theodore M. Kravitz, Fairless Hills, Pa., for debtors.

McGill & McGreal, Robert S. Esposito, Philadelphia, Pa., for plaintiff.

Leonard P. Goldberger, Philadelphia, Pa., trustee.

OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue before us springs from a motion, filed by the above defendant, against whom a default judgment had been entered, seeking leave to file a late answer. We will deny the motion.

The facts are not in dispute: On November 9, 1979, Joseph A. Meeks and Eleanor L. Meeks ("the debtors") filed a voluntary petition for relief under the Bankruptcy Reform Act of 1978. On March 27, 1980, the Third Federal Savings and Loan Association of Philadelphia ("the plaintiff") filed an adversary proceeding against said debtors seeking relief from the automatic stay imposed by § 362(a) of the Bankruptcy Code. The Summons and Notice of Trial, served on the debtors by certified mail pursuant to Rule 704(c) of the Rules of Bankruptcy Procedure, mandated the debtors to file a responsive pleading by April 7, 1980. They filed nothing. Instead, on April 17, 1980, the date set for trial, the debtors appeared with their counsel, prepared (they say) to be heard on the issue not joined. Instead, counsel for the plaintiff moved for a default judgment.

As happens too often, the attorney who appeared at the trial on behalf of the debtors was not the attorney who knew anything about the case. Counsel who was in court merely stated that "because the other attorney could not make it this morning I was given the file. Among the papers I have there is a rough draft of an answer. That is as much information as I can give the court at this time."[1] We then granted the plaintiff's motion for a default judgment.

1. See N.T. p. 2.

In their motion seeking leave to file a late answer, the debtors contend "that no Answer need have been filed in the instant action and accordingly they were wrongfully denied the right to present their evidence." [2]  No rationale is suggested for this strange legal contention.

The Bankruptcy Reform Act of 1978 provides that the present Rules of Bankruptcy Procedure which became effective on October 1, 1973, shall continue in effect until new Rules are adopted.[3]  This applies both to cases filed prior to October 1, 1979, under the Bankruptcy Act of 1898 (as amended), and to Title II cases filed after that date, to the extent "not inconsistent" with the changes made by the Reform Act.  Furthermore, Rule 7001 of the Interim Bankruptcy Rules (recommended by the official Advisory Committee on Bankruptcy Rules, and adopted by this court) provides that a proceeding before a Bankruptcy Judge for legal, equitable or declaratory relief which arises under non-bankruptcy law, is an adversary proceeding governed by Part VII of the Bankruptcy Rules.

Rule 701 under Part VII of the Rules of Bankruptcy Procedure provides that

> The rules of this Part VII govern any proceeding instituted by a party before a bankruptcy judge to  .  .  . (6) obtain relief from a stay as provided in Rule 401 or 601  .  .  .  Such a proceeding shall be known as an adversary proceeding.

And Rule 712 requires

> If a complaint is duly served upon him, a defendant shall serve his answer within 30 days after the issuance of the summons, except when a different time is prescribed by the court.

In the case at bench the complaint was filed on March 27 and the court directed that an answer be filed by April 7.

> Rule 755 states that

> When a judgment is sought against a party in adversary proceedings and such party has, without sufficient excuse, (1) failed to plead or otherwise defend or, (2)

having filed a pleading or motion, is not ready to proceed with trial on the day set therefor in accordance with these rules, the court upon request therefor shall enter a judgment by default  .   .   .

No answer having been filed, either by April 7 or by the date set for trial, and the debtors having suggested no "sufficient excuse" for their failure to file their answer, the judgment by default was properly entered and the subsequent motion for leave to file a late answer will be denied.

---

**2.** See debtors' motion Par. 4.

**3.** Reform Act, Title IV, § 405(d).